UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NEW YORK CENTRAL MUTUAL FIRE
INSURANCE COMPANY, as subrogee of
Jeffrey and Chelsea Joy,

        Plaintiff,

        v.

ICON HEALTH & FITNESS, INC.,

        Defendant.
_____

**DECISION AND ORDER**

1:19-CV-00063 EAW

## INTRODUCTION

Plaintiff New York Central Mutual Fire Insurance Company ("Plaintiff") commenced this action on January 11, 2019, bringing various New York state law claims against defendant Icon Health & Fitness, Inc. ("Defendant") pursuant to the Court's diversity jurisdiction under 28 U.S.C. § 1332. (Dkt. 1). Presently before the Court is a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). (Dkt. 21). For the following reasons, the Court denies the motion to dismiss.

## BACKGROUND

The following facts are taken from the allegations in the Amended Complaint, the operative pleading in this matter. (Dkt. 10). As is required on motions such as these, the Court treats Plaintiff's allegations as true.

- 1 -

Jeffrey and Chelsea Jay (the "Subrogors") owned real property located at 9119 Bonta Bridge Road, Jordan, New York 13080 (the "Premises"). (*Id.* at ¶ 2). Plaintiff issued an insurance policy to Subrogors that covered the Premises for certain types of damage and loss, including property damage. (*Id.* at ¶ 4).

In approximately 2004, the Subrogors purchased one of Defendant's treadmills from a friend, Carol Miles. (*Id.* at ¶ 7). Ms. Miles purchased the treadmill brand new in approximately 2002 from a Sears, Roebuck and Company ("Sears") department store located in or around Liverpool, New York. (*Id.*). The treadmill was located in the basement of the Premises, and it was last used on July 28, 2017. (*Id.* at ¶¶ 8-9). On or about July 31, 2017, the control/power circuitry of the treadmill failed and caused a fire. (*Id.* at ¶ 10). As a direct result of the fire, the Premises sustained significant property damage, and the Subrogors sustained other economic losses, all of which were covered by Plaintiff's policy. (*Id.* at ¶¶ 11-12). Plaintiff paid no less than $520,000.00 to cover the losses sustained as a result of the fire caused by the treadmill. (*Id.* at ¶ 13). Plaintiff is a citizen of New York, and Defendant is a citizen of Delaware and Utah. (*Id.* at ¶ 16).

Plaintiff filed the instant action on January 11, 2019. (Dkt. 1). On March 19, 2019, Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2). (Dkt. 7). Plaintiff filed an Amended Complaint on April 8, 2019 (Dkt. 10), as well as a response to the motion on April 9, 2019 (Dkt. 11). On April 18, 2019, Defendant filed an Answer to the Amended Complaint (Dkt. 12), and the case was referred to United States Magistrate Judge Jeremiah J. McCarthy to address all pretrial matters excluding dispositive

motions on April 19, 2019 (Dkt. 14).  The undersigned dismissed the March 19, 2019 motion to dismiss as moot on September 5, 2019.  (Dkt. 20).

On September 30, 2019, Defendant filed the instant motion to dismiss.  (Dkt. 21). Plaintiff filed its response on October 21, 2019 (Dkt. 24), and Defendant's reply was filed on October 28, 2019 (Dkt. 25).  Discovery is presently scheduled to be completed by July 31, 2020.  (Dkt. 34).

## DISCUSSION

As a preliminary matter, Defendant's motion is not procedurally proper.  Federal Rule of Civil Procedure 12 provides that a motion pursuant to Rule 12(b)(2) "must be made before pleading if a responsive pleading is allowed."  Fed. R. Civ. P. 12(b).  In the instant matter, Defendant filed an Answer to Plaintiff's Amended Complaint.  (Dkt. 12).  "A strict interpretation of Rule 12(b) would therefore preclude defendants from moving to dismiss for lack of personal jurisdiction under Rule 12(b).  Courts, however, have allowed untimely motions raising a defense enumerated in Rule 12(b), so long as the defense has been included in the movant's answer."  *Saldanha v. Baidyaroy*, No. 91 CIV. 6413 (PKL), 1992 WL 147669, at *2 (S.D.N.Y. June 15, 1992).  In Defendant's Answer, it asserted as an affirmative defense that it "is not subject to the personal jurisdiction of this Court."  (Dkt. 12 at ¶ 47).  "Accordingly, the Court will treat [Defendant]'s motion to dismiss as if it had been brought pursuant to Rule 12(b)(2) prior to the answer in this action, and in deciding [Defendant]'s motion, the Court will apply the principles that Courts have developed in deciding Rule 12(b)(2) motions."  *Saldanha*, 1992 WL 147669, at *2; *see E-Z Bowz, L.L.C.*

*v. Prof'l Prod. Research Co.*, No. 00 CIV.8670 LTS GWG, 2003 WL 22064259, at *4 n.2 (S.D.N.Y. Sept. 5, 2003) (collecting cases).

## I.  Legal Standard

"The requirement that a court have personal jurisdiction flows not from Art. III, but from the Due Process Clause. . . . It represents a restriction on judicial power not as a matter of sovereignty, but as a matter of individual liberty." *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). "On a Fed. R. Civ. P. 12(b)(2) motion to dismiss for lack of personal jurisdiction, [the] plaintiff bears the burden of showing that the court has jurisdiction over the defendant." *In re Magnetic Audiotape Antitrust Lit.*, 334 F.3d 204, 206 (2d Cir. 2003). "A plaintiff may meet this burden 'by pleading in good faith . . . legally sufficient allegations of jurisdiction, *i.e.*, by making a "prima facie showing" of jurisdiction.'" *Gaymar Indus., Inc. v. FirstMerit Bank, N.A.*, No. 06-CV-70S, 2007 WL 894217, at *3 (W.D.N.Y. Mar. 21, 2007) (quoting *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 184 (2d Cir. 1998)). "A plaintiff can make such a prima facie showing through affidavits and supporting material containing sufficient facts which, if credited, would establish personal jurisdiction over the defendant." *Id.* (citing *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996)). "[W]here the issue is addressed on affidavits, all allegations are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor, notwithstanding a controverting presentation by the moving party." *A.I. Trade Fin., Inc. v. Petra Bank*, 989 F.2d 76, 79-80 (2d Cir. 1993).

## II.   Burden of Proof

Defendant contends that because one of the Subrogors had been deposed at the time it filed the instant motion, Plaintiff is required to prove that the Court has personal jurisdiction over the instant matter by a preponderance of the evidence. (Dkt. 21-4 at 2-3). For the following reasons, the Court finds that Plaintiff was only required to make a *prima facie* showing of personal jurisdiction at the time Defendant's motion was filed.

As discussed above, Plaintiff ultimately bears the burden of demonstrating the Court has personal jurisdiction over its case. *See In re Magnetic Audiotape Antitrust Lit.*, 334 F.3d at 206. The extent of the showing a plaintiff must make depends on what stage the litigation is in:

> If the defendant is content to challenge only the sufficiency of the plaintiff's factual allegation . . . by filing a Rule 12(b)(2) motion, the plaintiff need persuade the court only that its factual allegations constitute a *prima facie* showing of jurisdiction. If the defendant asserts in a Rule 56 motion that undisputed facts show the absence of jurisdiction, the court proceeds, as with any summary judgment motion, to determine if undisputed facts exist that warrant the relief sought. If the defendant contests the plaintiff's factual allegations, then a hearing is required, at which the plaintiff must prove the existence of jurisdiction by a preponderance of the evidence.

*Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990). The standard a plaintiff must meet when making a showing of personal jurisdiction also varies depending on how much discovery has been conducted in a case. "[W]here the parties have conducted extensive discovery . . . but no evidentiary hearing has been held—the plaintiff's prima facie showing, necessary to defeat a jurisdiction testing motion, must include an averment of facts that, if credited by [the ultimate trier of fact], would suffice to establish jurisdiction over the defendant." *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*,

84 F.3d 560, 567 (2d Cir. 1996) (second alteration in original) (quotation omitted). However, "[w]here . . . plaintiffs have had minimal opportunity for discovery, the plaintiff need make only a prima facie showing of jurisdiction by pleading in good faith legally sufficient allegations of jurisdiction." *In re Amaranth Nat. Gas Commodities Litig.*, 587 F. Supp. 2d 513, 526 (S.D.N.Y. 2008) (quotations omitted), *aff'd*, 730 F.3d 170 (2d Cir. 2013).

At the time Defendant filed the instant motion, Plaintiff had only a minimal opportunity for discovery. The record before the Court shows that the only discovery conducted when Defendant moved for dismissal was a deposition taken of one of Plaintiff's Subrogors on August 16, 2019. (*See* Dkt. 21-3). Plaintiff sent initial discovery demands to Defendant on August 1, 2019, but as of October 21, 2019—the date Plaintiff filed its response to the instant motion—Defendant had not yet responded. (Dkt. 24 at ¶ 7). Additionally, no evidentiary hearing has been held regarding the existence of personal jurisdiction. The Court finds that under these circumstances, Plaintiff "need make only a prima facie showing of jurisdiction by pleading in good faith legally sufficient allegations of jurisdiction." *In re Amaranth Nat. Gas Commodities Litig.*, 587 F. Supp. 2d at 526.

### III. *Prima Facie* **Showing of Jurisdiction**

"To make a prima facie showing that jurisdiction exists, a Plaintiff must demonstrate: (1) proper service of process upon the defendant; (2) a statutory basis for personal jurisdiction over the defendant; and (3) that exercise of jurisdiction over the defendant is in accordance with constitutional due process principles." *Stroud v. Tyson Foods, Inc.*, 91 F. Supp. 3d 381, 385 (E.D.N.Y. 2015) (citing *Licci ex rel. Licci v. Lebanese*

*Canadian Bank, SAL*, 673 F.3d 50, 59-60 (2d Cir. 2012)).  In the present motion, Defendant argues that Plaintiff has failed to establish that there is a statutory or constitutional basis for personal jurisdiction.

"In general, a 'district court's personal jurisdiction is determined by the law of the state in which the court is located.'"  *Mrs. U.S. Nat'l Pageant, Inc. v. Miss U.S. Org., LLC*, 875 F. Supp. 2d 211, 219 (W.D.N.Y. 2012) (quoting *Spiegel v. Schulmann*, 604 F.3d 72, 76 (2d Cir. 2010)).  "There are two ways that New York exercises personal jurisdiction over non-residents: general jurisdiction pursuant to [CPLR 301] . . . or specific jurisdiction pursuant to [CPLR 302]."  *Thackurdeen v. Duke Univ.*, 130 F. Supp. 3d 792, 798 (S.D.N.Y. 2015) (quotation marks and citation omitted), *aff'd*, 660 F. App'x 43 (2d Cir. 2016).  "Specific jurisdiction is available when the cause of action sued upon arises out of the defendant's activities in a state. General jurisdiction, in contrast, permits a court to adjudicate any cause of action against the . . . defendant, wherever arising, and whoever the plaintiff."  *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 624 (2d Cir. 2016).

Plaintiff does not contend that this Court has general jurisdiction over Defendant, but instead that specific jurisdiction exists based on the purchase of Defendant's treadmill from a Sears in New York.  (Dkt. 24-2 at 14-15).  "N.Y. C.P.L.R. § 302(a) provides, in pertinent part, that a court 'may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . transacts any business within the state,' so long as the plaintiff's 'cause of action aris[es] from' that 'transact[ion].'"  *Licci*, 673 F.3d at 60 (footnote omitted).  "[I]n determining whether personal jurisdiction may be exercised under section 302(a)(1), a court must decide (1) whether the defendant 'transacts any

business' in New York and, if so, (2) whether this cause of action 'aris[es] from' such a business transaction." *Id.* (second alteration in original) (quotation omitted).

The transaction of business provision "extends the jurisdiction of New York state courts to any nonresident who has purposely availed [himself] of the privilege of conducting activities within New York and thereby invoked the benefits and protections of its laws." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 787 (2d Cir. 1999) (alteration in original) (quoting *Parke-Bernet Galleries v. Franklyn*, 26 N.Y.2d 13, 16 (1970)). Under this provision, "courts must look at the totality of circumstances concerning the party's interactions with, and activities within, the state." *Id.* "A defendant need not physically enter New York to transact business, 'so long as the defendant's activities here were purposeful.'" *Licci*, 673 F.3d at 61 (quoting *Deutsche Bank Sec., Inc. v. Montana Bd. of Invs.*, 7 N.Y.3d 65, 71 (2006)). "The New York Court of Appeals has, for example, recognized long-arm jurisdiction over 'commercial actors and investors using electronic and telephonic means to project themselves into New York to conduct business transactions.'" *U.S. Commodity Futures Trading Comm'n v. Wilson*, 27 F. Supp. 3d 517, 528 (S.D.N.Y. 2014) (quoting *Deutsche Bank*, 7 N.Y.3d at 71). Additionally, jurisdiction that comports with the requirements of due process "can be established through a stream of commerce theory." *RegenLab USA LLC v. Estar Techs. Ltd.*, 335 F. Supp. 3d 526, 543 (S.D.N.Y. 2018) (quotation omitted); *see Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 172 (2d Cir. 2010) ("[A] court could assert jurisdiction over a corporation that . . . 'delivers its products into the stream of commerce with the expectation that they will be

purchased by consumers in the forum State and those products subsequently injure forum consumers.'" (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 (1985))).

Plaintiff alleges that in approximately 2004, the Subrogors purchased one of Defendant's treadmills from a friend, Carol Miles, and that Ms. Miles purchased the treadmill brand new in approximately 2002 from a Sears department store located in or around Liverpool, New York. (Dkt. 10 at ¶ 7)). "Where, as here, personal jurisdiction is challenged by way of a motion pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, the Court must 'assume[ ] the truth of the plaintiff's factual allegations[.]'" *Wolo Mfg. Corp. v. ABC Corp.*, 349 F. Supp. 3d 176, 194 (E.D.N.Y. 2018) (first alteration in original) (quoting *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 85 (2d Cir. 2013)). Assuming Plaintiff's factual allegations are true, the treadmill made by Defendant that caused the damage to the Premises was sold at a Sears in New York in 2002, and that sale of the treadmill is sufficient to establish at the pleadings stage that Defendant purposely availed itself of the privilege of conducting activities within New York. *See Zelouf Int'l Corp. v. Na El, Inc.*, No. 1:13-CV-01788 ALC, 2014 WL 1318372, at *5 (S.D.N.Y. Mar. 28, 2014) (finding specific personal jurisdiction was established because the defendant's "sale of merchandise in New York . . . is 'related to' [the plaintiff]'s cause of action"); *Carlton Int'l, PLC v., Am. Concord Techage, Inc.*, No. 94 CIV. 3750 (JFK), 1995 WL 450274, at *3 (S.D.N.Y. July 31, 1995) ("Plaintiff alleges that Defendant regularly sells its products in New York through at least three retailers. Such alleged actions amount to a *prima facie* showing of Defendant's purposeful availment of conducting business in New York and form a significant enough relationship between the

Defendant, the forum, and the litigation such that it would be fair to exercise personal jurisdiction over Defendant.").

Defendant does not argue that Plaintiff's allegations are in and of themselves insufficient. Indeed, Defendant's recognition of the sufficiency of Plaintiff's factual allegations is evidenced by its filing of an Answer (Dkt. 12) in response to the Amended Complaint (Dkt. 10) and by the fact that it did not file the instant motion until after conducting a deposition (Dkt. 21; Dkt. 21-3). Instead, Defendant bases its arguments on information obtained during the deposition. (*See generally* Dkt. 21-4). It would be inappropriate for the Court to consider arguments made by Defendant based on information obtained during the early stages of discovery in a motion pursuant to Rule 12(b)(2) where the factual allegations in Plaintiff's Amended Complaint are sufficient to make a *prima facie* showing of personal jurisdiction and, as previously discussed, where Plaintiff has not had a sufficient opportunity to engage in discovery. *See In re Amaranth Nat. Gas Commodities Litig.*, 587 F. Supp. 2d at 526.

The cases cited by Defendant are not inapposite. In those cases, the allegations in the complaints were found to be insufficient to establish personal jurisdiction, and the plaintiffs attempted to make a *prima facie* showing of jurisdiction by relying on submissions in affidavits. *See Senese v. Hindle*, No. 11-CV-0072 RJD, 2011 WL 4536955, at *1 (E.D.N.Y. Sept. 9, 2011) ("As plaintiff has yet to file a complaint in either state or federal court, the facts are drawn largely from the parties' motion papers." (footnote omitted)), *report and recommendation adopted*, No. 11 CV 72 RJD RLM, 2011 WL 4529359 (E.D.N.Y. Sept. 28, 2011); *Gosain v. State Bank of India*, 689 F. Supp. 2d 571,

583 (S.D.N.Y. 2010) ("[The plaintiff] relies entirely on conclusory allegations that are insufficient to establish personal jurisdiction."), *vacated and remanded in part on personal jurisdiction grounds*, 414 F. App'x 311 (2d Cir. 2011); *Novak v. Petsforum Grp., Inc.*, No. 02-CV-2978 (DLI), 2005 WL 1861778, at *2 (E.D.N.Y. Aug. 1, 2005) ("[T]he complaint contains insufficient allegations of any purposeful activities directed at New York."); *Ariel Mar. Grp., Inc. v. Pellerin Milnor Corp.*, No. 88 CIV. 6447 (PKL), 1989 WL 31665, at *3 (S.D.N.Y. Mar. 29, 1989) ("Even taking as true plaintiff's allegations concerning the volume and content of the telephone calls, [plaintiff has] failed to make out a *prima facie* case of jurisdiction over defendant."). In contrast, as discussed above, the Court finds the allegations in Plaintiff's Amended Complaint sufficient.

While Defendant may ultimately be successful in asserting its defense on a motion for summary judgment, it is not appropriate for the Court to make a jurisdictional finding based on a motion made before Plaintiff has a sufficient opportunity to obtain information that could help it prove its plausible allegations. *See EED Holdings v. Palmer Johnson Acquisition Corp.*, 387 F. Supp. 2d 265, 273 (S.D.N.Y. 2004) (denying Rule 12(b)(2) motion but noting that "[o]nce jurisdictional discovery is completed, [the defendant] may choose to move for summary judgment, pursuant to Fed. R. Civ. P. 56, for lack of personal jurisdiction"). Accordingly, the Court denies Defendant's motion.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss pursuant to 12(b)(2) (Dkt. 21) is denied.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: June 1, 2020
      Rochester, New York